UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| E-WATCH, INC., § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION H-12-3314 |
| § | | |
| LOREX CANADA, INC., § | | |
| § | | |
| *Defendant*. § | | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Lorex Canada, Inc.'s motion for immediate stay pending *inter partes* review at the U.S. Patent and Trademark Office. Dkt. 31. Upon consideration of the motion, response, reply, and applicable law, the motion for stay is GRANTED.

**I. BACKGROUND**

Plaintiff e-Watch, Inc. ("e-Watch") develops and markets hardware, software, and services related to security surveillance systems. Dkt. 23 at 2. The surveillance systems marketed by e-Watch incorporate the claims of its 6,970,183 patent ('183 patent), 7,228,429 patent ('429 patent), and 7,839,926 patent ('926 patent). *Id.* at 3. Lorex Canada, Inc. ("Lorex") is also in the business of distributing security and monitoring systems. *Id.* e-Watch alleges that Lorex is infringing at least one claim of each of the '183, '429, and '926 patents in certain of its camera product lines. *Id.* E-Watch brought suit against Lorex on November 8, 2012, seeking monetary and equitable relief for this alleged infringement. Dkt. 1. E-Watch amended its complaint on March 27, 2013, adding the infringement claim related to the '926 patent. Dkt. 23.

In a separate action, e-Watch filed suit against Mobotix Corporation ("Mobotix") alleging infringement of the same '183 and '429 patents that are at issue in the present suit. *See e-Watch v.*

*Mobotix Corp.*, Case No. 5:12-CV-00492, In the United States District Court, Western District of Texas, San Antonio Division (Biery, J.). On April 26, 2013, Mobotix filed an *Inter Partes* Review ("IPR") petition challenging the validity of the '183 patent at the U.S. Patent and Trademark Office ("USPTO") pursuant to 35 U.S.C. § 311. Dkt. 31, Ex. 2. Subsequently, on June 7, 2013, Mobotix filed another IPR petition related to the '429 patent with the USPTO. *Id.* at Ex. 3. Thus, IPRs have been instituted by Mobotix for two of the patents in dispute in this matter. The Mobotix litigation in the Western of District of Texas was stayed on June 14, 2013, pending the resolution of the IPR process.[1]

On August 21, 2013, Lorex filed its own IPR petition challenging the validity of the '926 patent, thereby putting all the patents-in-suit before the USPTO for reexamination. Dkt. 32. Because all the patents-in-suit are the subject of IPRs, Lorex has filed for a stay of this action pending resolution of the IPR process. E-Watch represents that it is not opposed to the stay if the court imposes the litigation estoppel provision of 35 U.S.C. § 315(e) on Lorex, despite the fact that Lorex did not file the IPR petitions for patents '183 and '429. If the court does not apply the litigation estoppel provision, e-Watch opposes the stay.

## II.  LEGAL STANDARD

It is within the court's discretion to stay a patent case pending the reexamination process by the Patent and Trademark Office. *Tesco Corp. v. Weatherford Int'l, Inc.*, 599 F. Supp. 2d 848, 850 (S.D. Tex. 2009) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). In determining whether to grant a stay, courts considering this issue have consistently evaluated the

---

[1] The stay was conditioned on Mobotix filing its invalidity contentions before the implementation of the stay because e-Watch had already filed its infringement disclosures. Dkt. 31, Ex. 4 at 24. The court reasoned this would prevent any undue prejudice to e-Watch. *Id.*

following factors: (1) whether a stay will unduly prejudice or provide a tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question; and (3) whether the litigation is at an early stage. *Id.*

### III. ANALYSIS

#### I.    Stay

E-Watch argues that a stay will prejudicially delay this proceeding and give Lorex a tactical advantage if the court allows Lorex to take advantage of Mobotix's petitions for IPR without the constraints of the litigation estoppel provision. The court will address the latter argument *infra*; however, the court disagrees that a stay in this case will result in a lengthy delay or prejudice to e-Watch. As an initial matter, the court notes that the mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay. *ImageVision Net, Inc. v. Internet Payment Exch., Inc.*, 2012 WL 5599338, *4 (D. Del. 2012); *Semiconductor Energy Lab. Co., Ltd. v. Chimei Innolux Corp.*, 2012 WL 7170593, *3 (C.D. Cal. 2012). E-Watch has not identified how it would be prejudiced besides the mere lapse of time.

Furthermore, the IPR process was specifically established under the Leahy-Smith America Invents Act ("AIA") to proceed in a timely fashion. *See* 35 U.S.C. § 316(A)(11) (requiring "the final determination in an *inter partes* review be issued not later than 1 year after the date on which the Director notices the institution of a review" unless good cause can be shown for an extension, not to exceed 6 months). The IPR petitions have been on file with the USPTO since April, June, and August of this year. Thus, a decision on whether to accept the applications for IPR is imminent. *See* 35 U.S.C. § 314(b) (decision whether to accept review must be made within 3 months of receiving a preliminary response or the last date on which such response may be filed). If the USPTO declines the petitions for IPR, the stay will quickly be lifted resulting in little delay. However, if the USPTO

accepts the IPR petitions, the continuation of this litigation will likely result in the unnecessary expenditure of the parties' and court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit. Finding no undue prejudice, this factor weighs in favor of granting the stay.

E-Watch argues it is premature to know whether the issues in this case would be simplified because the petitions for review have yet to be accepted by the USPTO. Further, e-Watch asserts that a ruling by the USPTO will only address the validity of the patents-in-suits, leaving Lorex's counterclaims and defenses unresolved. E-Watch conflates simplification of the issues with total resolution of the case, which is not a factor considered by the court when addressing a motion for stay. The outcome of the reexamination by the USPTO, whether the IPRs are instituted or not, will in either event help simplify the issues in this case. Specifically, e-Watch claims infringement of separate claims relating to three different patents. If the USPTO grants review, its decision may change the terms or scope of the patents at issue. Indeed, if the USPTO in any way alters or invalidates a claim of any of the patents-in-suit, the matters at issue in this court will change. At a minimum, even assuming that all the patents-in-suit survive the reexamination intact, the USPTO's insight and expertise regarding the validity of the patents would be of invaluable assistance to this court. *See GPAC, Inc. v. D.W.W. Enters., Inc.*, 144 F.R.D. 60, 62–63 (D.N.J. 1992) ("Clearly then, there would be benefits to the District Court if this action were stayed so as to shift to the PTO the significant, and often times technical issue of patent claim validity."). Accordingly, this factor also weighs in favor of staying the case.

Lastly, e-Watch maintains that this litigation is too far along for a stay to be appropriate. The court disagrees. In this case, the claim construction hearing is set for November 4, 2013, and the initial docket call is in November 2014. No dispositive motions have been filed, and discovery is

4

in its very early stages. The case has only been on file for 10 months, and the basis of e-Watch's live claims were set forth in its Second Amended Complaint filed on March 27, 2013. Dkt. 23. The parties have exchanged preliminary infringement and invalidity contentions; however, the time for e-Watch to file its opening claim construction brief was extended pending the outcome of this motion. Dkt. 38. As noted in *Semiconductor Energy*, "there is more work ahead of the parties and the Court than behind the parties and the Court." *Semiconductor Energy*, 2012 WL 7170593, at *5. The same holds true here. This litigation, thus, is not so advanced that a stay would inappropriate.

## II.  Estoppel

E-Watch represents that it is not opposed to the stay if the court imposes the litigation estoppel provision espoused in 35 U.S.C. § 315 on Lorex. Specifically, under Section 315, the petitioner in an *inter partes* review of a claim (or the real party in interest or privy of the petitioner) may not assert that "the claim is invalid on any ground that the petitioner raised or reasonably could have raised during the *inter partes* review" in a civil action. 35 U.S.C. § 315(e)(2). E-Watch requests that this provision apply to Lorex as if it were the IPR petitioner for patents '183 and '429. Lorex opposes the application of this provision, arguing that it is not the petitioner, real party in interest, or privy of Mobotix, and therefore, should not be estopped from asserting arguments that Mobotix "reasonably could have raised." Dkt. 35.

For their positions, the parties rely on other cases involving e-Watch wherein stays were granted; however, the courts reached differing conclusions regarding whether a third party who did not file the IPR petition would be subject to the estoppel provision in the AIA. *Compare e-Watch, Inc. v. ACTi Corp., Inc.*, Case No. 5:12-CV-695, In the United States District Court, Western District of Texas, San Antonio Division (Biery, J.) *with e-Watch, Inc. v. FLIR Sys., Inc.*, Case No. 4:13-CV-638, In the United States District Court, Southern District of Texas, Houston Division (Lake, J.).

In both *ACTi* and *FLIR Systems*, the party seeking the stay pending IPR was not the party who filed the IPR petition. In *ACTi*, three of the four patents-in-suit were the subject of IPRs based on the filings of Mobotix; ACTi was the party seeking the stay. Dkt. 31, Ex. 4 at 14. The court found that the relatively early stage of litigation, the potential simplification of the issues and trial, and the lack of undue prejudice warranted stay. *See id*. at 17. The court found it immaterial to the stay analysis that ACTi would not be subject to the litigation estoppel provision. *Id.* ("It is not necessary for ACTi to be a party to IPR proceedings for the USPTO's substantive decisions in reexamination proceedings to have an effect on the patent issues to be litigated in this case.").

In *FLIR Systems*, on the other hand, the court granted the stay, but conditioned such stay on FLIR Systems agreeing to abide by the litigation estoppel provision as if it were in the shoes of Mobotix. *Id.*, Ex. 6 at 2. FLIR Systems agreed to "be estopped . . . from challenging the validity of any claim of e-Watch's '913 or '183 patent[s] on the same grounds and based upon the same combinations of prior art asserted by Mobotix and used by the USPTO in its findings in the *Inter Partes* Reviews." *Id.* The court, however, did not apply the limited form of estoppel agreed to by FLIR Systems, but rather subjected it to the full estoppel provision in Section 315, finding that estoppel would prevent the stay from unduly prejudicing plaintiff or giving defendant a tactical advantage. *Id.* This Order is the subject of a motion for clarification by FLIR Systems to be heard by the Honorable Sim Lake on September 27, 2013. *e-Watch, Inc. v. FLIR Sys.*, Case No. 4:13-CV-638, In the United States District Court, Southern District of Texas, Houston Division, Dkts. 29, 32. In its motion, FLIR Systems requests that it be subjected to only limited estoppel as it originally proposed and as applied in *In re Bear Creek Techs., Inc.*, 2013 WL 3789471 (D. Del. 2013).

Similarly, if the court here decides to invoke estoppel principles, Lorex has alternatively requested that a limited form of estoppel be applied as it was in *Bear Creek*. Specifically, Lorex

contends it should only be estopped from making those arguments asserted by Mobotix and considered by the USPTO in the IPR proceedings. In *Bear Creek*, the court found that the non-movant would not be prejudiced by the stay of litigation pending the outcome of the patent reexamination by the USPTO because the defendants agreed to be bound by the results of the IPR and to be estopped from challenging the validity of the patent on the same grounds as the petitioner. *Id.* at *3 (finding the scope of the estoppel appropriate because the defendants "are not involved in the reexamination and should be allowed to assert arguments not raised by [the petitioner] in that forum").

The court agrees with the reasoning in *Bear Creek* and finds that applying limited estoppel will serve the interests of the parties and the court. By its terms, Section 315 does not bind a non-party to the outcome of the IPR reexamination or the arguments made therein. 35 U.S.C. § 315(e); *see also Bear Creek*, 2013 WL 3789471 at *3; *Tesco Corp., v. Varco I/P, Inc.*, 2006 WL 6625915, *4 (S.D. Tex. 2006). However, Lorex is seeking the benefit of the IPR petitions filed by Mobotix related to the patents in dispute in this case. Estopping Lorex from advancing the same grounds or arguments made by Mobotix and relied on by the USPTO during the reexamination will lead to further simplification of the issues herein and prevent Lorex from gaining any tactical advantage by reaping the benefit of Mobotix's IPR arguments. The court will not hold Lorex accountable for arguments that Mobotix "reasonably could have raised" before the USPTO because it is neither privy to the information known by Mobotix nor in control of the arguments made by Mobotix.

Thus, upon recommencement of this proceeding following the lifting of the stay, Lorex will be estopped from challenging the validity of any claims of e-Watch's '183 or '429 patents on the same grounds asserted by Mobotix and relied upon by the USPTO in reaching its final decision in

the reexaminations. Obviously, the full estoppel provision as set out in Section 315 will apply to Lorex's challenges to the '926 patent because it is the petitioner in that IPR proceeding.

### CONCLUSION

Upon consideration of the issues presented in the motion, response, and reply, the court GRANTS Lorex's motion for stay. Dkt. 31. If and when the stay is lifted in this proceeding, and assuming the USPTO has rendered a final decision in the reexamination proceedings with respect to the '183, '429, and '926 patents, Lorex will be estopped from asserting certain challenges to these patents as set forth in this opinion. Therefore, this action is STAYED and administratively CLOSED pending the final outcome of the reexamination of the patents at issue by the USPTO.

Signed at Houston, Texas on September 26, 2013.

_____
Gray H. Miller
United States District Judge